**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON**

| | | |
|---|---|---|
| NICHOLAS PACHKO | : | Case No. _____ |
| | : | |
| Plaintiff, | : | Judge _____ |
| | : | |
| v. | : | |
| | : | |
| WILD FLAVORS, INC. | : | |
| C/O CT Corporation System | : | **COMPLAINT WITH JURY DEMAND** |
| 306 W. Main Street, Suite 512 | : | **ENDORSED HEREON** |
| Frankfort, KY 40601 | : | |
| | : | |
| Defendant. | : | |

## PARTIES

1. Plaintiff Nicholas Pachko is a resident and citizen of the State of Ohio.

2. Defendant Wild Flavors, Inc., is a foreign corporation doing business in the Commonwealth of Kentucky. Defendant is an employer within the meaning of applicable federal and Kentucky law.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Defendant because Defendant transacts business in this division and district.

4. This Court has original jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States. Plaintiff's Count I arises under the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. §12112, *et. seq.*

1

6. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 and 28 U.S.C. § 1331 because it is so related to the federal claim over which this Court has original jurisdiction, that it forms part of the same case or controversy.

7. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391 because Defendant employed Plaintiff in this division and district, and a substantial part of the events giving rise to Plaintiff's claims occurred within this division or district.

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). He filed that Charge on November 20, 2012, less than 180 days after his termination on May 11, 2012.

9. The EEOC issued to Plaintiff a Notice of Right to Sue on April 22, 2013, and Plaintiff filed this Complaint less than 90 days after receiving the Notice of Right to Sue.

10. Plaintiff has met all procedural requirements.

## FACTUAL ALLEGATIONS

11. Plaintiff became employed with Defendant in August 2011 in the Dry Blends department where he was responsible for making super concentrated caffeine blends.

12. Plaintiff was a loyal and dedicated employee throughout his employment with Defendant.

13. Plaintiff was qualified for his position at all relevant times.

14. In October 2011, the dust collector in the Dry Blends department broke and was not functioning. This created huge clouds of dust inside the mixing room.

15. Plaintiff was instructed to wear a dust mask and told to keep working even though the dust collector was broken.

16. Plaintiff suffers from mild anxiety disorder but was functioning well before the dust collection system broke. He had been performing well and receiving praise for his work.

When the dust collector broke and he was forced to continue to work in the powders area, he was exposed to levels of neat caffeine which pose considerable health risk.

17. After several weeks of exposure to this toxic chemical, his once mild anxiety was exploded into a full on anxiety attack. Plaintiff was placed on restrictions on January 25, 2012.

18. In March 2012, Plaintiff participated in health testing conducted by the National Institute for Occupational Safety ("NIOSH").

19. The NIOSH testing showed that Plaintiff's breathing capacity had been compromised due to the dust conditions in the Dry Blends department.

20. Defendant failed to accommodate Plaintiff's medical condition and terminated Plaintiff on May 11, 2012.

21. Defendant alleges it had no suitable work for Plaintiff.

22. Plaintiff is aware of several suitable positions Defendant filled with new workers that Plaintiff could have filled.

## COUNT I

### (Disability Discrimination – ADAAA)

23. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

24. Plaintiff is qualified individual with a disability, is perceived as disabled, and/or has a record of a disability as defined by the ADAAA, 42 U.S.C. §12101 *et seq.*

25. Defendant discriminated against Plaintiff because of his disability, because it perceived him as disabled, and/or because of his record of a disability by treating him less favorably than similarly situated non-disabled employees, retaliating against him for requesting restrictions as a reasonable accommodation for his disability, and terminating his employment on account of his perceived or real disability, or record of disability, in violation of the ADAAA.

26. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

27. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

## COUNT II

### (Disability Discrimination - K.R.S. § 344.010 *et seq.*)

28. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

29. Plaintiff is qualified individual with a disability, is perceived as disabled, and/or has a record of a disability, as defined by K.R.S. § 344.010 *et seq.*

30. Defendant discriminated against Plaintiff because of his disability, because it perceived him as disabled, and/or because of his record of a disability by treating him less favorably than similarly situated non-disabled employees, retaliating against him for requesting restrictions as a reasonable accommodation for his disability, and terminating his employment on account of his perceived or real disability, or record of disability, in violation of the ADAAA.

31. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard of Plaintiff's legal rights.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered injury and damage, and he is entitled to relief.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) That Plaintiff be reinstated to his employment;

(b) That Plaintiff be awarded all lost pay and benefits, and front pay;

(c) That Plaintiff be awarded compensatory damages;

 (d) That Plaintiff be awarded liquidated damages;

 (e) That Plaintiff be awarded punitive damages;

 (f) That Plaintiff be awarded reasonable attorneys' fees and costs;

 (g) That Plaintiff be awarded pre-judgment and post-judgment interest;

 (h) That Plaintiff be compensated for the adverse tax consequences of receiving a lump sum award rather than his compensation over several, separate tax years; and

 (i) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

        Respectfully submitted,

        /s/ Randolph H. Freking
        Randolph H. Freking (KY-23509)
        Trial Attorney for Plaintiff
        FREKING & BETZ, LLC
        525 Vine Street, Sixth Floor
        Cincinnati, OH  45202
        Phone:  (513) 721-1975/Fax:  (513) 651-2570
        *randy@frekingandbetz.com*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

        /s/ Randolph H. Freking